UNITED STATES DISTRICT COURT                                JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 12-4008-JFW (CWx)**                                Date: May 21, 2012

Title:    Jose Sandoval -v- Arthur Shuman West LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                                                None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

On March 29, 2012, Plaintiff Jose Sandoval ("Plaintiff") filed a Complaint against Defendants Arthur Schuman West, LLC and Jose Castro in Los Angeles County Superior Court. On May 8, 2012, Defendant Arthur Schuman West, LLC filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**I.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant Arthur Schuman West, LLC bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**II.    DISCUSSION**

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Defendant Arthur Schuman West, LLC has not met its burden of

demonstrating that the parties are completely diverse, this action shall be remanded.

Although both Plaintiff and Defendant Jose Castro are citizens of California, Defendant Arthur Schuman West, LLC contends that Defendant Jose Castro is fraudulently joined, and thus that his presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. *See id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

The Court finds that Defendant Arthur Schuman West, LLC has not carried its burden of persuasion that Defendant Jose Castro has been fraudulently joined. In his Complaint filed on March 29, 2012, Plaintiff asserts only one claim for intentional infliction of emotional distress against Defendant Castro. Defendant Arthur Schuman West, LLC claims that Plaintiff cannot possibly prevail on this claim for relief against Defendant Castro because: (1) the claim fails because Castro was not employed by Defendant Arthur Schuman West, LLC at the time of the events alleged; (2) the claim is preempted by the exclusive remedies of the California Workers' Compensation Act; (3) the claim fails as a matter of law under the doctrine of managerial privilege; and (4) the claim fails as a matter of law because Plaintiff has not alleged extreme and outrageous conduct.

The Court cannot conclude at this stage that Plaintiff's claim for intentional infliction of emotional distress against Defendant Castro fails because Castro was not employed by Defendant Arthur Schuman West, LLC at the time of the events alleged. In his Complaint, Plaintiff alleges that Defendant Castro "is and at all times herein mentioned has been a General Manager at Arthur

Schuman West . . ."  Complaint at ¶ 7.  Whether Castro was in fact employed by Arthur Schuman West at the time of the events alleged is a factual dispute which the Court cannot resolve at this stage in the proceedings.  *See, e.g., Deshong v. Extendicare Homes, INc.*, 2009 WL 1764516, at *2 (E.D. Wash. June 19, 2009) ("In assessing whether or not a party has been fraudulently joined, the court must . . . resolve all contested issues of fact and any ambiguities of state law in the plaintiff's favor.").

The Court also cannot conclude as a matter of law that Plaintiff's claim for intentional infliction of emotional distress is barred by the exclusive remedy provision of the California Workers' Compensation Act, Cal. Labor Code § 3600, *et seq.*  *See, e.g., Charles v. ADT Sec. Services*, 2009 WL 5184454, at *3 (C.D. Cal. Dec. 21, 2009) (concluding that the presence of alleged disability discrimination takes Plaintiff's case "out from under" the workers' compensation exclusivity provisions); *Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *4 (C.D. Cal. Jul. 1, 2009) ("Because the claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar Barsell's claim against Redding.").

Likewise, the Court cannot conclude that Plaintiff's claim for intentional infliction of emotional distress fails as a matter of law under the doctrine of managerial privilege.  *See, e.g., Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at *5 (C.D. Cal. Jul. 1, 2009) (quotations and citations omitted) ("There is no authority for the proposition that [a manager] may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied.  Indeed, California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress.").

With respect to Defendant Arthur Schuman West, LLC's claim that Defendant Castro's conduct does not constitute extreme and outrageous conduct, the Court cannot conclude that Plaintiff has no possibility of stating a claim.  *See, e.g.,  Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend.").

Accordingly, Defendant Arthur Schuman West, LLC  has failed to meet its burden of demonstrating that Defendant Jose Castro has been fraudulently joined.

### III.    CONCLUSION

For the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.